ERIC D. HOUSER (SBN 130079)
CHRISTOPHER R. BLEVINS (SBN 270087)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone:  (949) 679-1111
Facsimile:   (949) 679-1112
Email: cblevins@houser-law.com

Attorneys for Defendants
Deutsche Bank National Trust Company, as Trustee, Under the Pooling and
Servicing Agreement Dated as of November 1, 2006 Securitized Asset-Backed
Receivables LLC Trust 2006-FR4 and Ocwen Loan Servicing, LLC

# UNITED STATES DISTRICT COURT OF CALIFORNIA
## CENTRAL DISTRICT, SOUTHERN DIVISION

| | |
|---|---|
| JOHN C HACKER III<br><br>        Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee, under the pooling and servicing agreement dated as of November 1, 2006 securitized asset-backed receivables LLS Trust 2006-FR4 mortgage pass-through certificates, series 2006-FR4, a business entity, Jurisdiction and Form are unknown; T.D. SERVICE COMPANY OF ARIZONA, a California corporation; TANANA TRUST #912, TSS ENTERPRISES, as trustee, a California Corporation; OCWEN LOAN SERVICING, LLC, a Florida Limited Liability Company; MARK THOMAS POLLITT, an individual California resident; and DOES 1-10, inclusive,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 8:12-CV-01017-DOC-JPR<br><br>HON. DAVID O. CARTER<br><br>**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2006 SECURITIZED ASSET-BACKED RECEIVABLES LLC TRUST 2006-FR4 AND OCWEN LOAN SERVICING, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

NOW COMES Defendants Ocwen Loan Servicing, LLC, ("Ocwen") and Deutsche Bank National Trust Company, as Trustee, Under the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset-Backed Receivables LLC Trust 2006-FR4 ("Deutsche Bank") (collectively "Defendants") and for their response to Plaintiffs' First Amended Complaint ("Complaint") states as follows:

## ANSWER

In answering the Complaint, Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, any other allegations were dismissed, irrelevant and are not at issue and no response is required. Defendants state that it is responding to allegations on behalf of itself only, even where the allegations pertain to conduct by all Defendants. Defendants deny any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. In response to the specific allegations in the enumerated paragraphs in the First Amended Complaint ("Complaint") Defendants respond as follows:

## INTRODUCTION

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.  Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

3.  Defendants admit this Court has subject matter jurisdiction. Defendants are without knowledge or information sufficient to form a belief as to

/ / /

the truth of the remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.      Defendants admit venue is proper in this Court.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

<u>**PARTIES**</u>

**<u>PLAINTIFF:</u>**

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

**<u>CORPORATE DEFENDANTS:</u>**

6.      Defendants admit DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2006 SECURITIZED ASSET-BACKED RECEIVABLES LLC TRUST 2006-FR4 is a business entity.

7.      Defendants admit OCWEN LOAN SERVICING, LLC, is a limited liability company incorporated in the State of Delaware.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.  Defendant T.D. SERVICE COMPANY was dismissed and is no longer a party to this action.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.  Defendant TANANA TRUST #912, TSS ENTERPRISES, AS TRUSTEE, was dismissed and is no longer a party to this action.

**<u>INDIVIDUAL DEFENDANT:</u>**

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's

Complaint.  Defendant Mark Thomas Pollitt was dismissed and is no longer a party to this action.

**DOE DEFENDANTS:**

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.  All Doe Defendants were dismissed and are no longer parties to this action.

**FACTUAL ALLEGATIONS**

12.    Defendants state that no response is required as no allegation is made.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.    Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    Defendants admit that a Notice of Default and Election to Sell Under Deed of Trust was recorded on August 3, 2009.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

/ / /

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants admit Ocwen began servicing Plaintiff's loan on or about September 1, 2010. Defendants deny the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants admit that a Notice of Trustee's Sale was recorded on February 10, 2011. Defendants deny the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

### UNFAIR COMPETITION BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.

36.     Defendants state that no response is required as no allegation is made.

37.     Paragraph 37 calls for a legal conclusion to which no response is required.

38.     Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

39.     Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request,  brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is

irrelevant, not at issue and no response is required.   Defendants deny the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

    a.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request,  brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

    b.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

    c.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

    d.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

    e.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to

timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

f.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

g.  Defendants deny the allegations contained in paragraph 39(g) of Plaintiff's Complaint.

h.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

i.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

j.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code §

17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

k.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

l.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

m.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

n.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.

o.  Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to

1    timely respond to a Qualified Written Request, brought under the
2    unlawful prong of California Business and Professions Code §
3    17200, and as a result, this allegation is irrelevant, not at issue and no
4    response is required.

5        p.   Defendants state that the State Court dismissed all claims except for
6    Plaintiff's alleged violation of RESPA, for an alleged failure to
7    timely respond to a Qualified Written Request, brought under the
8    unlawful prong of California Business and Professions Code §
9    17200, and as a result, this allegation is irrelevant, not at issue and no
10   response is required.

11       q.   Defendants state that the State Court dismissed all claims except for
12   Plaintiff's alleged violation of RESPA, for an alleged failure to
13   timely respond to a Qualified Written Request, brought under the
14   unlawful prong of California Business and Professions Code §
15   17200, and as a result, this allegation is irrelevant, not at issue and no
16   response is required.

17       r.   Defendants state that the State Court dismissed all claims except for
18   Plaintiff's alleged violation of RESPA, for an alleged failure to
19   timely respond to a Qualified Written Request, brought under the
20   unlawful prong of California Business and Professions Code §
21   17200, and as a result, this allegation is irrelevant, not at issue and no
22   response is required.

23       s.   Defendants state that the State Court dismissed all claims except for
24   Plaintiff's alleged violation of RESPA, for an alleged failure to
25   timely respond to a Qualified Written Request, brought under the
26   unlawful prong of California Business and Professions Code §
27   17200, and as a result, this allegation is irrelevant, not at issue and no
28   response is required.

40.     Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.   Defendants deny the remaining allegations contained in paragraph 40 of Plaintiff's First Amended Complaint.

41.     Defendants state that the State Court dismissed all claims except for Plaintiff's alleged violation of RESPA, for an alleged failure to timely respond to a Qualified Written Request, brought under the unlawful prong of California Business and Professions Code § 17200, and as a result, this allegation is irrelevant, not at issue and no response is required.   Defendants deny the remaining allegations contained in paragraph 41 of Plaintiff's First Amended Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny each and every allegation in the First Amended Complaint not specifically admitted herein.

## PRAYER FOR RELIEF

Defendants deny that they are liable to Plaintiff for any cause of action alleged in the Complaint or that Plaintiff was damaged by any action or inaction of Defendants.   Any allegation contained in Plaintiff's Complaint not heretofore specifically responded to by Defendants is hereby denied.   Defendants further deny that Plaintiff is entitled to any relief set forth in his prayer for relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Defendants plead the following defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint, and every purported claim therein, fails to allege facts sufficient to state a claim against Defendants.  The complaint further fails to state facts sufficient to entitle the Plaintiff to the relief sought, or to any relief whatsoever, from Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (RESPA)

Plaintiff did not provide Defendants with a qualified written request as defined in 12 U.S.C. § 2605(e)(1)(B).  Defendants have not violated any provision of 12 U.S.C. § 2601, *et seq*.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Upon information and belief, Plaintiff has failed to exercise reasonable care and diligence to avoid alleged losses and minimize damages and therefore may not recover for losses, which could have been prevented by reasonable efforts on his part or by expenditures that might reasonably have been made.  Therefore, Plaintiff's recovery, if any, should be reduced by the failure of Plaintiffs to mitigate their alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Laches)

Plaintiff's cause of action against Defendants are barred by one or more of the doctrines of waiver, estoppel, and/or laches.  As a result of Plaintiff's conduct, representations and omissions, Plaintiff has waived, relinquished and/or

/ / /

abandoned, and is equitably estopped to assert any claim for relief against Defendants as alleged in the First Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims against Defendants are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

Defendants are not liable for the acts, omissions, or conduct of other persons or entities not authorized to act on behalf of Defendants and Defendants are not liable for the acts, omissions, or conduct of its agents who exceeded the scope of their authority.

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff has at all times given his consent, express or implied, to any conduct undertaken by Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Fault)

The Complaint is barred by the fault and negligence of other persons or entities and Plaintiff's damages, if any, should be apportioned according to the principles of comparative fault.

## NINTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

To the extent Plaintiff's First Amended Complaint seeks the imposition of punitive damages, Defendants adopt by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  BMW v. Gore, 517 U.S. 559, (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923

(2001); <u>State Farm v. Campbell</u>, 538 U.S. 408 (2003) and <u>SAFECO Insurance Co.</u> <u>of America v. Burr</u>, 551 U.S. 47, 127 S. Ct. 2201 (2007).

## TENTH AFFIRMATIVE DEFENSE

### (Conformance with Contracts and Applicable Law)

Any and all conduct or activity by Defendants alleged in Plaintiff's First Amended Complaint conformed to any and all applicable contracts, statutes, codes, and regulations at all times relevant herein.   Defendants have fully performed any and all contractual, statutory and other duties, if any, owed to Plaintiff, and Plaintiff is therefore estopped from asserting any Causes of Action against Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's First Amended Complaint and the Causes of Action alleged therein are barred by the applicable Statute of Limitation.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Plaintiffs are barred from claiming or recovering any relief set forth in the First Amended Complaint and each and every cause of action alleged therein under the doctrine of Equitable Estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Default by Plaintiff)

Plaintiff's request for damages is precluded by Plaintiff's failure to perform under the agreement(s).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide an Offer of Restoration)

Plaintiff's failure to restore the indebtedness to Defendants precludes any relief Plaintiff's seek from Defendants.

/ / /

1

## **FIFTEENTH AFFIRMATIVE DEFENSE**

2

(Unjust Enrichment)

3       Defendants allege that Plaintiff would be unjustly enriched if allowed to

4    recover anything by way of the First Amended Complaint.

5

## **SIXTEENTH AFFIRMATIVE DEFENSE**

6

(Inequitable Conduct by Plaintiff)

7       Defendants allege that Plaintiffs claims are barred due to the inequitable

8    conduct by Plaintiff.

9

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

10

(No Duty)

11        Defendants did not owe any duty to Plaintiff concerning the alleged acts,

12    omissions, or claims made by Plaintiff.

13

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

14

(Conduct Not 'Unlawful')

15       Defendants' conduct is not unlawful in that Defendants complied with all

16    applicable statutes and regulations.    Defendants are also exempt under the

17    applicable statutes and regulations, or exempt from compliance due to Plaintiff's

18    failure to comply with said statues and regulations.

19

## **NINETEENTH AFFIRMATIVE DEFENSE**

20

(Damages Not Recoverable Under §17200)

21    Damages are not recoverable under <u>Bus. & Prof. Code</u> §17200.

22

## **TWENTIETH AFFIRMATIVE DEFENSE**

23

(Borrowed Claims Fail)

24       Plaintiff's Complaint and the cause of action alleging violations of <u>Bus. &</u>

25    <u>Prof. Code</u> §17200 are based on borrowed laws and since the borrowed laws fail,

26    so do the <u>Bus. & Prof. Code</u> §17200 claims.

27    / / /

28    / / /

---

**ANSWER**
**15**

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Duties Discharged)

Defendants allege that prior to the commencement of this action, Defendants duly satisfied and discharged all duties and obligations arising out of any and all agreements, representations, contracts and/or imposed by any statute.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Substantial Compliance With Law)

Defendants have substantially performed any and all contractual, statutory and other duties, if any, owed to Plaintiff, and Plaintiff is therefore estopped to assert any causes of action against Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Additional, Yet Unstated, Affirmative Defenses)

Defendants reserve the right to assert additional defenses which cannot now be articulated due to Plaintiff's failure to particularize his claims and/or due to Defendants' lack of knowledge of the circumstances surrounding Plaintiff's claims. Defendants further allege that at this time, it has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Upon further particularization of the claims by Plaintiff or upon discovery of further information concerning Plaintiff's claims, Defendants expressly reserve the right to assert additional defenses at a later time.

**WHEREFORE,** Defendants pray for judgment as follow:

1.    Plaintiff takes nothing by way of his First Amended Complaint;

2.    Judgment be entered in favor of Defendants;

/ / /

/ / /

/ / /

/ / /

1    3.    For attorneys fees and costs of suit incurred herein; and

2    4.    For such other and further relief as this Court may deem just and

3  proper.

Dated: July 3, 2012                **HOUSER & ALLISON**
                                   A Professional Corporation

                                   /s/  Christopher R. Blevins
                                   Christopher R. Blevins
                                   Eric D. Houser
                                   Attorneys for Defendants Deutsche Bank
                                   National Trust Company, as Trustee, Under
                                   the Pooling and Servicing Agreement Dated
                                   as of November 1, 2006 Securitized Asset-
                                   Backed Receivables LLC Trust 2006-FR4
                                   Mortgage Pass-Through Certificates, Series
                                   2006-FR4 and Ocwen Loan Servicing, LLC

**ANSWER**
**17**

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                           ) ss
COUNTY OF ORANGE        )

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, California 92618.

     On July 3, 2012, I served the following document(s):

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2006 SECURITIZED ASSET-BACKED RECEIVABLES LLC TRUST 2006-FR4 AND OCWEN LOAN SERVICING, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

     On the following interested parties in this action described as follows:

John C. Hacker III
17264 Euclid St., Apt. #A
Fountain Valley, CA 92708
*Plaintiff*

[X]  **VIA FIRST CLASS MAIL**—By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

     I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

     Executed on July 3, 2012, in Irvine, California.

Courtney Hershey

**ANSWER**
**18**